[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-14472
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 23, 2011
JOHN LEY
CLERK

D.C. Docket No. 2:09-cv-00090-LGW-JEG

TERRY COLEY,

Plaintiff - Appellant,

versus

LUTHER SMITH, Food Service Administrator,
CHAPLAIN RAYMOND ORTIZ,

Defendants - Appellees.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

(August 23, 2011)

Before EDMONDSON, MARCUS, and FAY, Circuit Judges.

PER CURIAM:

Plaintiff Terry Coley appeals the district court's order granting Luther Smith and Raymond Ortiz (collectively, "Defendants") summary judgment grounded on qualified immunity. Plaintiff, a federal inmate, filed this Bivens action alleging that Defendants violated Plaintiff's First Amendment rights by failing to obtain certain food so that Plaintiff could have a religious ceremonial meal on a religiously significant date. Because Plaintiff has failed to meet his burden of showing a clearly established right, we affirm the district court's decision.

## I. BACKGROUND

Plaintiff is an observant Muslim serving a 188-month sentence at the Federal Correctional Institution in Jesup, Georgia ("FCI Jesup"). Plaintiff had requested certain food items so that he and other Nation of Islam ("NOI") inmates at FCI Jesup could partake of the ceremonial Eid-ul-Fitr feast on 3 October 2008. Plaintiff says this date was important because the feast is supposed to occur within three days of the completion of Ramadan.

Defendants agreed, pursuant to Bureau of Prisons policy, to obtain the food for the feast.[1]  By 3 October, Defendants had procured some -- but not all -- of the food items Plaintiff had requested.  Objecting to the sufficiency of the meal that was offered, Plaintiff and some of the other NOI inmates did not partake of the feast on that day.  The meal was ultimately rescheduled for 20 October 2008, at which point Plaintiff and other NOI inmates did participate in the meal (despite that it was no longer within the religiously significant time).

Plaintiff -- proceeding pro se -- filed this lawsuit in June 2009, claiming Defendants violated his right to the free exercise of his religion.  Invoking the defense of qualified immunity, Defendants filed a motion to dismiss -- which the district court converted to a motion for summary judgment.  The district court concluded that Plaintiff had not shown the violation of a clearly established right, and so the court granted summary judgment for Defendants.  Plaintiff now appeals.

## II.  DISCUSSION

---

[1] Defendant Luther Smith was the Food Service Administrator at FCI Jesup; Defendant Raymond Ortiz was the Chief Chaplain.

3

We review de novo a district court's order granting summary judgment based on qualified immunity, resolving all issues of material fact in favor of the non-moving party. Bryant v. Jones, 575 F.3d 1281, 1294 (11th Cir. 2009). To overcome Defendants' qualified-immunity defense, Plaintiff bears the burden of showing both that Defendants' conduct amounted to a constitutional violation and that the right violated was already "clearly established" at the time of Defendants' conduct. Youmans v. Gagnon, 626 F.3d 557, 562 (11th Cir. 2010). Failure to make either showing will defeat Plaintiff's claim. Here, we move directly to the question of whether Plaintiff's right was already clearly established at the pertinent time.

A "clearly established" right is one whose contours are fixed "so clearly that a reasonable official would have understood his acts were unlawful." Dolihite v. Maughon, 74 F.3d 1027, 1040-41 (11th Cir. 1996). A judicial precedent is not always required to establish clearly a right: in some situations, "the words of a . . . federal constitutional provision may be so clear and the conduct so bad that case law is not needed to establish that the conduct cannot be lawful." Vinyard v. Wilson, 311 F.3d 1340, 1350 (11th Cir. 2002). But this case is not such a case: the words of the First Amendment's free exercise clause -- which say that "Congress shall make no law respecting an establishment of religion" -- do not

4

clearly require Defendants to provide Plaintiff with all of the exact food he requested for a religious meal on a specific date.

So, we next turn to the question of whether Plaintiff's rights were clearly established by a precedent already existing at the time Defendants acted. Id. at 1351. For officials to have fair warning that their acts are unlawful, "there need not be a case 'on all fours,' with materially identical facts"; a right can be clearly established even by factually distinct cases, "so long as the prior decisions gave reasonable warning that the conduct at issue violated constitutional rights." Holloman ex rel. Holloman v. Harland, 370 F.3d 1252, 1277 (11th Cir. 2004) (internal quotation marks and citation omitted) (involving a First Amendment violation). But, the decisions that we look at for this analysis are only "decisions of the U.S. Supreme Court, Eleventh Circuit Court of Appeals, or the highest court of the state where the case arose." Jenkins by Hall v. Talladega City Bd. of Educ., 115 F.3d 821, 826 n.4 (11th Cir. 1997) (en banc).

Plaintiff has not identified -- nor have we found -- any decision of the United States Supreme Court, this Court, or the Supreme Court of Georgia that could have put Defendants on notice that failing to provide Plaintiff with the exact food he requested, on a specific date of religious significance, must violate Plaintiff's federal rights. Plaintiff has failed to show not only that any case

5

involved similar facts to those at issue here, but failed to show even that "statements of general principle from [the controlling] precedents" would obviously apply here and could have given Defendants reasonable warning that their conduct was unlawful. <u>Holloman</u>, 370 F.3d at 1278. Plaintiff has therefore failed to meet his burden of showing a clearly established right; he cannot overcome Defendants' qualified immunity. The district court did not err in granting summary judgment for Defendants.

AFFIRMED.